BEVIS v. THE AMERICAN RAILWAY EXPRESS CO.

*Carriers—Nondelivery of goods—Secondary evidence to prove contents of receipt—Limitation of liability—Failure by shipper to declare value.*

1. In an action against an express company for damages for failure to deliver goods, where the defendant company is unable to find the original receipt, which had been returned to it by the plaintiff, or a copy thereof, secondary evidence is admissible to prove the contents of the receipt.

2. A provision in a uniform express receipt to the effect that where the value claimed is in excess of fifty dollars the shipper must declare the value and pay an additional rate on such excess, and that in case no such excess value is declared the value of the goods for the purpose of shipment shall not exceed fifty dollars, is binding upon the shipper, and where he fails to place a value on goods shipped no recovery for non-delivery can be had in excess of fifty dollars.

(Decided July 31, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Maxwell & Ramsey,* for defendant in error.

BY THE COURT. Plaintiff in error, plaintiff below, claims that she shipped a package of music of the value of $3500 from Greenville, Texas, to Hartsville, South Carolina, via The American Railway Express Company; that she received a receipt for the goods from the express company; that the package was never delivered; and that at the

request of one of the agents of the company she delivered her receipt to the agent so as to aid him in tracing the package.

At the trial plaintiff offered proof of the above.

The package was, according to plaintiff's witness, who attended to the shipping, delivered to the express company about the middle or the latter part of September, 1918. No value was placed upon the package.

The only question in the case is as to the amount of recovery.

Testimony was introduced by the defendant tending to prove that it was unable to find the original receipt, or a copy thereof, or any waybill. Defendant then introduced copies of schedules filed with the interstate commerce commission, showing that on and after September 10, 1918, The American Railway Express Company had but one form of receipt for merchandise, and that this form provided that where the value claimed was in excess of fifty dollars the shipper must declare value and pay an additional rate on such excess valuation.; that in case no value was declared in excess of fifty dollars the value of the goods for the purposes of shipment was not to exceed the sum of fifty dollars.

There was also testimony tending to show that the Wells-Fargo Company, which operated this division prior to the time it was taken over by The American Railway Express Company, had a uniform express receipt, similar to the one in use at the time of this shipment. The companies, by classification No. 26 of the Interstate Commerce Commission, were required to adopt a uniform receipt effective September 10, 1918.

Defendant offered to confess judgment for fifty dollars, and the court instructed the jury to return a verdict for plaintiff in that amount.

The error complained of is that the defendant having received the original receipt from plaintiff, and having retained both that and the copy, should have produced one of them to show just what the contract was, and that not having satisfactorily explained their absence or loss could not introduce secondary evidence as to what was contained therein.

The record shows that the officer of the company in charge of the file of papers in reference to this claim was unable to find or to trace the original receipt or a copy thereof. Secondary evidence was therefore admissible in this case. No value was declared, therefore, under the cases *Adams Express Co.* v. *Croninger*, 226 U. S., 491; *George N. Pierce Co.* v. *Wells, Fargo & Co.*, 236 U. S., 278; *St. Louis, J. M. & S. Ry. Co.* v. *Starbird, Admr.*, 243 U. S., 592, and *American Express Co.* v. *United States Horse Shoe Co.*, 244 U. S., 58, no recovery could be had in excess of the sum of fifty dollars.

Finding no error prejudicial to the plaintiff in error, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*


HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.